Tbe opinion of tbe Court was delivered bj
O’Neall, J.
In these cases it appears that tbe decree on
wbicb tbe defendants are charged, was not rendered until after suit brought. No action can. be maintained on tbe administration bond in favor of distributees until a decree be rendered in their favor, either by tbe Ordinary, or tbe Court of Equity. This has been considered a settled principle from tbe case of Simpkins, Ordinary, vs. Powers, 2 N. & McC. 213, until tbe present time. It is true, if tbe decree be rendered before suit brought, and an amendment afterwards, such an amendment will not defeat tbe action. Eor tbe amendment takes place, as if it bad always been a part of tbe decree. Ordinary vs. Osborne, 2 Rich. 90; Ordinary vs. Mortimer, 7 Rich. 176. So, too, I have no doubt that an appeal from tbe decision of tbe Ordinary to tbe Court of Equity, would not have necessarily tbe effect to defeat an action brought after tbe Ordinary’s decree, but before tbe appeal was beard in Equity. The case on tbe bond could not however be beard until tbe appeal in Equity was decided. If tbe Ordinary’s decree was sustained, in whole or in part, tbe plaintiff would be entitled to a verdict. If tbe decree of tbe Ordinary was wholly set aside, then of course tbe action on tbe bond must fail.
In tbe case of a creditor, tbe Ordinary has no power to give a decree in bis favor; tbe action can therefore be brought for bis benefit on tbe bond, if be can show that bis debt has been judicially established against tbe administrator, and that be has been guilty of a devastavit, or has in bis bands assets. Ordinary vs. Hunt, 1 McM. 380; The Same vs. Johnsey, 6 Rich. 358.
*545 It is useless to order new trials, for the plaintiffs cannot recover, inasmuch as the decree of tbe Ordinary was rendered after suit brought.
Nonsuits are therefore ordered.
Wardlaw, 'Withers, Whitner and Glover, JJ., con curred.

Nonsuit ordered.